IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) )   Civil Action No. _____ |
| v. | ) ) ) **C O M P L A I N T** |
| PRODUCT FABRICATORS, INC., | ) ) ) **Jury Trial Demanded** |
| Defendant. | ) ) ) |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Dennis Anderson ("Anderson") who was adversely affected by such practices. Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Product Fabricators, Inc. ("Product Fabricators"), violated the ADA by regarding Anderson as disabled, and discharging him because of disability (back impairment). The EEOC also alleges that Product Fabricators violated the ADA by subjecting Anderson to impermissible disability-related inquiries that are not job-related or consistent with business necessity. The EEOC further alleges that Product Fabricators violated the ADA by collecting information regarding the medical condition and/or history of its employees and did not treat this information as a confidential medical record by maintaining such information separately from employee personnel files.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) and Section 707 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3) and 2000e-6 and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of Minnesota.

## PARTIES

3. Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and 2000e-6.

4. At all relevant times, Defendant Product Fabricators has continuously been a Minnesota corporation doing business in the State of Minnesota and the City of Pine City, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Product Fabricators has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Product Fabricators has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Dennis Anderson filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Product Fabricators. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. In or around September and October 2007, Defendant Product Fabricators engaged in unlawful employment practices at its facility in Pine City, Minnesota, in violation of Sections 102(a) of the ADA, 42 U.S.C. §§ 12112(a). Specifically, Defendant Product Fabricators discharged Dennis Anderson from employment because of his disability (back impairment). At all relevant times, Mr. Anderson was a qualified individual with a disability within the meaning of the ADA, and could perform the essential functions of the manufacturing position he was removed from. Despite his ability to perform the essential functions of his job, Mr. Anderson was terminated on or about September 21, 2007.

9. At least as early as 1995 and continuing to the present, Defendant Product Fabricators has engaged in an ongoing pattern or practice of unlawful employment practices at its Pine City, Minnesota facility, in violation of Section 102(d) of Title I of the ADA, 42 U.S.C. § 12112(d). Since at least 1995, Defendant Product Fabricators has maintained a so-called Drug Policy that constitutes a disability-related inquiry that is not job-related or consistent with business necessity, in violation of the ADA. Defendant Product Fabricators subjected Dennis Anderson to an unlawful disability-related inquiry in violation of the ADA, which resulted in Mr. Anderson's termination.

10. At least as early as 1995 and continuing to the present, Defendant Product Fabricators has engaged in an ongoing pattern or practice of unlawful employment practices at its Pine City, Minnesota facility, in violation of Section 102(d) of Title I of the ADA, 42 U.S.C.

§ 12112(d).  Since at least 1995, Defendant Product Fabricators has maintained a practice of regularly collecting and maintaining information regarding the medical condition and/or history of employees in employee personnel files, and has failed to treat this information as confidential medical records.  Defendant Product Fabricators subjected its employees, including Dennis Anderson, to unlawful collection and maintenance of information regarding medical conditions and/or history, in violation of the ADA.

11.  The effect of the practices complained of in paragraphs 8, 9 and 10 above, has been to deprive Dennis Anderson of equal employment opportunities and otherwise adversely affect his status as employee because of his disability.

12.  The unlawful employment practices complained of in paragraphs 8, 9 and 10 above, were and are intentional.

13.  The unlawful employment practices complained of in paragraphs 8, 9 and 10 above, were done with reckless indifference to the federally protected rights of Dennis Anderson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Product Fabricators, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B.  Grant a permanent injunction enjoining Defendant Product Fabricators, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from continuing to subject employees to the unlawful employment practices described in paragraphs 8, 9 and 10 above, to destroy all disability-related information about current or former employees previously or presently obtained through Defendant's use of such practices,

and maintain any information regarding the medical condition or history of an applicant or employee on separate forms and in separate files from the applicant or employees personnel file.

  C.  Order Defendant Product Fabricators to institute and carry out policies, practices, and programs which provide equal employment opportunities for all current and former employees that were subjected to the unlawful employment practices described in paragraphs 8, 9 and 10 above, and which eradicate the effects of its past and present unlawful employment practices.

  D.  Order Defendant Product Fabricators to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

  E.  Order Defendant Product Fabricators to make whole Dennis Anderson by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in paragraphs 8, 9 and 10 above, including but not limited to rightful place reinstatement or front pay in lieu of reinstatement.

  F.  Order Defendant Product Fabricators to make whole Dennis Anderson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 8, 9 and 10 above, including medical expenses, and retirement or pension contributions not covered by Defendant's employee benefit plan, in amounts to be determined at trial.

  G.  Order Defendant Product Fabricators to make whole Dennis Anderson by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8, 9 and 10 above, including, but not limited to, emotional pain,

suffering, inconvenience and mental anguish resulting from the unlawful practices complained of in paragraph 8, 9 and 10 above, in amounts to be determined at trial.

H.  Order Defendant Product Fabricators to pay Dennis Anderson punitive damages for its malicious and reckless conduct, as described in paragraphs 8, 9 and 10 above, in amounts to be determined at trial.

I.  Grant such further relief as the Court deems necessary and proper in the public interest.

J.  Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

131 M Street, N.E.
Washington, D.C.  20507

 s/John C. Hendrickson
John C. Hendrickson
Regional Attorney

 s/Jean P. Kamp
Associate Regional Attorney

Chicago District Office
500 West Madison Street, Suite 2000
Chicago, IL  60661
(312) 353-8551
jean.kamp@eeoc.gov

 s/Nicholas J. Pladson
Nicholas J. Pladson (#0388148)
Trial Attorney

Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, MN  55401
(612) 335-4047
Facsimile:  (612) 335-4044
nicholas.pladson@eeoc.gov